IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE JAMES SMITH JR.,

                Petitioner,                                ORDER

      v.                                                   09-cv-41-bbc

Sheriff DENNIS SMITH,
Administrator BARB REID,
Sgt ORMSIN,
Officer BORGARO,
Officer GRIMS and
Sgt JOHN DOE,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 23, 2009, I dismissed this case brought as a civil action pursuant to 42 U.S.C. § 1983, because petitioner had failed to state a claim upon which relief may be granted. Specifically, I concluded that petitioner's claim against respondents for failing to properly maintain the floor in the day room did not rise to the level of a constitutional violation. Now petitioner has written to request that the court change the amount of his filing fee to $5 instead of the $350 because he misunderstood that he was filing a civil action and not a petition for a writ of habeas corpus.

1

The complaint in this case was drafted on forms for filing an action under 28 U.S.C. § 1983. The last page of the complaint bears petitioner's signature. Once a complaint is processed and assigned a case number, the administrative costs associated with filing a complaint accrue. Whether a case is dismissed at the outset or at some later stage, the person bringing the case is responsible for paying the full filing fee.

In this case an order was entered on January 26, 2009 assessing petitioner a $2.70 initial partial payment of the filing fee. The January 26 order specifically stated that the fee for filing the action was $350 and that following payment of the initial partial fee, petitioner would be obligated to pay the remainder of the fee in monthly installments even if his request for leave to proceed was denied. If petitioner had concerns about the amount of the filing fee the appropriate time to raise the matter would have been following his receipt of the January 26 order. Instead, petitioner paid the $2.70 payment and his case proceeded to screening.

It is unfortunate that petitioner was unaware, as he asserts, that the fee for filing his action is substantially higher than he expected. For petitioner's information, habeas corpus is not an appropriate vehicle for a claim alleging violations of his constitutional rights. Although I am sympathetic to the fact that $350 is a significant amount of money for most prisoners, there is no law that requires or even allows this court to modify the

2

amount of petitioner's filing fee.

## ORDER

IT IS ORDERED that petitioner's request to change the amount of his filing fee from $350 to $5, dkt. #8, is DENIED.

Entered this 6th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge